IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| GARY E. HUBER, § | | |
|     Petitioner, § | | |
| § | | |
| v. § | Civil Action No. 4:07-CV-690-Y | |
| § | | |
| NATHANIEL QUARTERMAN, Director, § | | |
| Texas Department of Criminal Justice, § | | |
| Correctional Institutions Division, § | | |
|     Respondent. § | | |

### FINDINGS, CONCLUSIONS AND RECOMMENDATIONS
### OF THE UNITED STATES MAGISTRATE JUDGE
### AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U. S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendations of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

**A.   NATURE OF THE CASE**

This is a petition for writ of habeas corpus by a state prisoner pursuant to 28 U.S.C. § 2254.

**B.   PARTIES**

Petitioner Gary E. Huber, TDCJ-ID #438986, is currently incarcerated in the Texas Department of Criminal Justice, Correctional Institutions Division, in Amarillo, Texas.

Respondent Nathaniel Quarterman is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division. No process has issued to Respondent in this case.

**Findings, Conclusions and Recommendations**
**of the United States Magistrate Judge—Page 1 of 4**

## C. PROCEDURAL HISTORY

In 1986, Huber was convicted in state court of aggravated sexual assault of a child, indecency with a child, and burglary of a motor vehicle and sentenced to ninety-nine years' confinement. Huber has sought post-conviction relief challenging one or more of his convictions, including five previous federal petitions for writ of habeas corpus.[1]

## D. SUCCESSIVE PETITION

Section 2244(b) requires dismissal of a claim presented in a second or successive petition filed by a state prisoner under § 2254 that was or could have been presented in a prior petition unless–

> (A) the application shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(1)-(2). Further, before such a petition is filed in federal district court, the petitioner must move for authorization to file the petition in the appropriate court of appeals. *Id.* § 2244(b)(3).

---

[1] The instant petition appears to be Huber's sixth petition for writ of habeas corpus filed in this court pursuant to 28 U.S.C. § 2254 challenging on substantive grounds the same conviction(s). The first petition was dismissed as time-barred pursuant to 28 U.S.C. § 2244(d)(1) on September 26, 2003, the second, third, fourth and fifth petitions were dismissed as successive pursuant to 28 U.S.C. § 2244(b)(1) on June 24, 2004, November 29, 2004, April 29, 2005, and February 28, 2006, respectively. *See* Civil Action Nos. 4:03-CV-194-A, 4:04-CV-369-A, 4:04-CV-824-A, 4:05-CV-263-Y & 4:06-CV-93-A.

From the face of the instant petition and the court records in Huber's previous habeas actions of which this court can take judicial notice, it is apparent that this is a successive petition, and Huber has not demonstrated that he has sought and received authorization to file such a petition from the Fifth Circuit Court of Appeals. *See* 28 U.S.C. § 2244(b)(1)-(3). This court is, therefore, without jurisdiction to consider the petition. *See United States v. Orozco-Ramirez*, 211 F.3d 862, 867 (5th Cir. 2000); *Hooker v. Sivley*, 187 F.3d 680, 681-82 (5th Cir. 1999). Huber must first seek an order authorizing this court to consider his claims from the Fifth Circuit Court of Appeals. *See* 28 U.S.C. § 2244(b)(3); *In re McGinn*, 213 F.3d 884, 885 (5th Cir. 2000).

## II. RECOMMENDATION

It is recommended that Huber's petition be dismissed pursuant to 28 U.S.C. § 2244(b)(1).

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document. The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until December 6, 2007. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(B)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice,

from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

## IV. ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until December 6, 2007, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED November 15, 2007.

          /s/   Charles Bleil
          CHARLES BLEIL
          UNITED STATES MAGISTRATE JUDGE